UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 15-9156 JFW (PVC)                                    Date:  October 28, 2020

Title        Michael Frank Goodwin v. Marcus Pollard, Acting Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

     On November 10, 2015, Michael Frank Goodwin ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254.[1]  ("Petition," Dkt. No. 1).  Concurrently with the Petition, Petitioner filed a "Motion to Hold and Stay Proceedings in Abeyance," in which Petitioner requested a stay so that he could pursue additional claims in state court beyond the seventeen exhausted claims presented in the Petition.  (Dkt. No. 2).  On July 19, 2016, the Court granted a stay pursuant to *Kelly v. Small*, 316 F.3d 1064 (9th Cir. 2003), overruled in part on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  ("Order," Dkt. No. 12).

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                         Date:  October 28, 2020

Title         Michael Frank Goodwin v. Marcus Pollard, Acting Warden

Pursuant to the Court's Order, Petitioner was required to file status reports every forty-five days to apprise the Court of his efforts to exhaust his claims in state court.  (*Id.* at 4 ¶ 4).  Petitioner was expressly cautioned that "[f]ailure to file a required Status Report in accordance with this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order."  (*Id.*) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b)).

The most recent status report on file was constructively filed by Petitioner on May 31, 2020.  (Dkt. No. 64).  Consistent with the Court's Order granting the stay, Petitioner's next status report was due by July 15, 2020.  However, as of the date of this Order, no further status report or request for extension has been received.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within **twenty-one days** of the date of this Order why the Magistrate Judge should not recommend that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.  Petitioner may discharge this Order to Show Cause by filing a status report informing the Court of the status of his efforts to exhaust his claims in state court.  Petitioner is warned that the failure to timely respond to this Order *will* result in a recommendation that this case be dismissed under Rule 41(b).

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |