UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                                    Date: June 17, 2022

Title   Michael Frank Goodwin v. Raymond Madden, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE STAY IN THIS ACTION SHOULD NOT BE LIFTED FOR PETITIONER'S FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

**PROCEDURAL HISTORY**

On November 10, 2015, Michael Frank Goodwin ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1). Concurrently with the Petition, Petitioner filed a "Motion to Hold and Stay Proceedings in Abeyance," in which Petitioner requested a stay

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").

Raymond Madden, Warden at Richard J. Donovan Correctional Facility, where Petitioner is currently incarcerated, is substituted for the Respondent identified as "Daniel Paramo" in the Petition. *See* Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                    Date:  June 17, 2022

Title   Michael Frank Goodwin v. Raymond Madden, Warden

so that he could pursue two additional claims in state court beyond the seventeen exhausted claims presented in the Petition.  (Dkt. No. 2; *see also* Dkt. No. 11).  On December 21, 2015, the Court issued an Order requiring Petitioner to clarify which claims he had failed to exhaust and how he wished to proceed.  (Dkt. No. 6).  On May 6, 2016, after Petitioner failed to respond, the Court issued an Order to Show Cause Re Lack of Prosecution.  (Dkt. No. 8).  On June 13, 2016, Plaintiff clarified that that he wants to pursue two new ineffective assistance of counsel claims that he neither pled nor exhausted based on (1) trial counsel's failure to raise the claims alleged in claims one through seventeen of the Petition, and (2) appellate counsel's failure to raise an ineffective assistance of trial counsel claim based on the same grounds ("Unexhausted Claims").  (Dkt. No. 11 at 6).[2]

On July 19, 2016, the Court granted a stay pursuant to *Kelly v. Small*, 316 F.3d 1064 (9th Cir. 2003).  ("Order," Dkt. No. 12).  As a condition of the stay, Petitioner was ordered to *immediately* file a state habeas petition, if he had not already done so, to pursue his Unexhausted Claims, and *within 30 days*, a Notice of Filing State Habeas Petition, stating the date the state habeas petition was filed and attaching a copy of the state habeas petition.  (*Id.* at 3).

Petitioner was also ordered to file a status report beginning on September 15, 2016, and every 45 days thereafter, setting forth

> all activity that has occurred since the filing of the Notice of Filing State Habeas Petition or the previous Status Report, including the name of the court where Petitioner's most recent state habeas petition was filed and the status of that petition. Petitioner shall attach a current copy of the docket sheet or any other orders or decisions that the state court has issued. Failure to file a required Status Report in accordance with this Order may

---

[2] For ease of reference, the Court cites to Petitioner's filings using the ECF-generated pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                      Date:  June 17, 2022

Title   Michael Frank Goodwin v. Raymond Madden, Warden

      result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

(*Id.* at 4).  Petitioner was expressly warned that if he "**fails to file a First Amended Petition within thirty (30) days of the date the California Supreme Court decides his state habeas corpus petition, the Court shall recommend that the stay be vacated and that Petitioner's request for a stay be deemed to have been denied as of the date of this Order**."  (*Id.* at 4) (emphasis in original).

      On August 23, 2016, Petitioner filed a status report that included a copy of his state habeas corpus petition filed in Los Angeles County Superior Court on August 15, 2016.  (Dkt. No. 14).  The state habeas petition included not only the Unexhausted Claims, but also three additional claims for (1) prosecutorial misconduct, (2) right to present a defense, and (3) California's unconstitutional post-conviction relief procedures.  (*Id.* at 7–15).[3]  On August 23, 2016, the Superior Court acknowledged that it had received Petitioner's habeas petition, but noted that "the petition requires augmentation with post-conviction discovery yet to be received."  (Dkt. No. 16 at 4).  Accordingly, the court stayed proceedings "until Mr. Goodwin or his counsel provide the court with a supplemental petition containing the additional information."[4]   (*Id.*).

      It is difficult, based solely on the non-sequential and seemingly incomplete set of state court records attached to Petitioner's status reports in this case, to construct a

---

   [3] Petitioner did not request—and the Court did not approve—revising the *Kelly* stay to include these additional claims.

   [4] In staying proceedings, the Superior Court appointed counsel for "all matters pertaining to post conviction discovery," and later expanded the scope of the representation "to include the filing of a writ of habeas corpus petition in this court." (Dkt. No. 16 at 7).  However, only a few months later, on January 17, 2017, appointed counsel asked to be relieved at Petitioner's request.  (Dkt. No. 27 at 31, 33–34, 36). Accordingly, Petitioner has been proceeding *pro se* in his Superior Court habeas proceedings since early 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                        Date:  June 17, 2022

Title      Michael Frank Goodwin v. Raymond Madden, Warden

precise chronology of exactly what has happened in Petitioner's Superior Court case since it was stayed in August 2016.  Petitioner has continuously sought production of his full trial record, the case file from his former counsel, and the return of documents that were allegedly taken from his cell.[5]  (*See, e.g.*, Status Reports, Dkt. Nos. 17, 19–23, 25, 30–32).  In March and July 2017, Petitioner acknowledged that he had received some documents "from the state respondents" and "some materials from trial counsel."[6]  (Dkt. No. 20 at 2; Dkt. No. 22 at 4).  In March 2017, the Superior Court found that Petitioner "has received his trial counsel's file and the prosecution has complied with its discovery obligation."[7]  (Dkt. No. 27 at 29).  In March and May 2017, the Superior Court admonished Petitioner that it lacked any authority to review his claim of prosecutorial misconduct or to order any additional discovery until he files his supplemental writ of habeas corpus.  (Dkt. No. 26 at 13; Dkt. No. 27 at 30 ("[Petitioner] has been informed of his right to seek additional discovery after the filing of a writ petition.  He has failed to file a writ petition, claiming he is unable to do so until he has his discovery.  His refusal to file a statutorily authorized motion or writ and his repeated requests of the court have prevented further court involvement in this case.")).

In order to demonstrate that Petitioner was diligently attempting to exhaust his state habeas claims, he was ordered by the Court to file "a copy of **every** Superior Court order filed in his state case … since August 23, 2016."  (Dkt. No. 24 at 2) (emphasis in original).  Petitioner responded in October 2017, providing multiple state court orders, which indicated that the state court lacked any authority to order discovery because

---

[5] In July 2017, Petitioner summarized his over 300 discovery requests made to various persons or entities.  (Dkt. No. 22 at 6–10).

[6] Petitioner contends that the District Attorney's Office has over 47,000 pages of discovery, which they have refused to turn over.  (Dkt. No. 22 at 3).

[7] In February 2021, Petitioner acknowledged that in February 2017, he received 3,000 hard copies and DVDs, containing a copy of his trial counsel's file.  (Dkt. No. 69 at 30, 43–44; *see also id.* at 73–74).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                           Date:  June 17, 2022

Title      Michael Frank Goodwin v. Raymond Madden, Warden

Petitioner had failed to file a supplemental petition.  (Dkt. No. 26 at 5, 7, 9, 26; Dkt. No. 27 at 11, 13, 15, 25, 30).

In March 2018, the Court observed that Petitioner "has not filed an amended or supplemental state habeas corpus petition, even though the Superior Court has repeatedly informed Petitioner it will take no further action until it receives an appropriate filing." (Dkt. No. 33 at 2) (citation omitted).  The Court explicitly admonished Petitioner that his federal petition will "not be stayed indefinitely."  (*Id.*) (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("district courts should place reasonable time limits on a petitioner's trip to state court and back").  Accordingly, the Court gave Petitioner 30 days in which to file his amended or supplemental state petition.  (*Id.*).  In response and over his objections (Dkt. Nos. 34, 35), Petitioner asserted that he filed an amended state court petition in April 2018 (Dkt. No. 37).  Nevertheless, Petitioner insisted that it "cannot be the one I go forward with" because he "*must* be allowed to present all my defenses which I cannot do until I get my own materials, the full trial record, discovery, and my attorney's trial file."  (Dkt. No. 37 at 1) (emphasis in original).

Two months later, in June 2018, Petitioner advised the Court that he had filed an "exceedingly complex" amended Superior Court habeas petition containing "about 50 issues/grounds."  (Dkt. No. 43 at 1).  With the Superior Court's permission, he filed yet another amended petition in October 2018.[8]  (Dkt. No. 47 at 1; Dkt. No. 49 at 1).  The October 2018 petition appears to be the operative Superior Court pleading.  In November 2018, the Court again admonished Petitioner that it would not stay his case indefinitely and that to prove his diligence, he must lodge with this Court a copy of his most recent habeas petition, along with "a copy of **every** Superior Court order filed in his state

---

[8] The October 2018 Superior Court petition, including exhibits, is over 200 pages.  (Dkt. Nos. 50–51).  It is very difficult to determine exactly how many claims it asserts.  As noted above, the Court did not revise its *Kelly* stay to include these additional claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                Date:  June 17, 2022

Title   Michael Frank Goodwin v. Raymond Madden, Warden

case … since September 12, 2017, the date of the most recent Superior Court order Petitioner has submitted to this Court." (Dkt. No. 46 at 3) (emphasis in original).

According to Petitioner, the Superior Court ordered the State to respond to the October 2018 petition and has granted several lengthy continuances for it to so do. (Dkt. Nos. 53, 55). The Superior Court has also stayed proceedings once again so that Petitioner can pursue discovery. (Dkt. No. 54). Petitioner's October 2019 status report attached several motions for discovery that he claims to have filed in the Superior Court. (Dkt. No. 58). Petitioner states that he will require the requested materials to prepare a reply to the government's response to the October 2018 petition. (*Id.*). On October 25, 2019, the government filed an informal response to the October 2018 petition. (Dkt. No. 59 at 2). Petitioner was given until December 20, 2019, to file a reply. (*Id.*). The Superior Court admonished Petitioner that "[i]n light of [his] repeated submission of piecemeal, unauthorized filings throughout these proceedings, the court notes it will only consider a reply submitted as a single, all-encompassing documents." (*Id.* at 2, 4, 6, 7; *see also id.* at 5 (noting that since filing his state habeas petition, Petitioner "has submitted more than forty filings, variously styled, collaterally attacking [his] conviction")). Petitioner filed further requests for extension of time to file a reply, arguing that he could not reply until he received his discovery requests. (Dkt. Nos. 60, 62, 63, 64).

In October 2020, after Petitioner failed to file any requisite status reports for almost five months, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute and obey court orders. (Dkt. No. 65). In response, Petitioner asserted that his July 2020 status report had been twice returned due to using the Court's prior address. (Dkt. No. 66 at 1). He also reported that the Superior Court denied his habeas petition in early November 2020 and that he would be filing a motion for reconsideration. (*Id.*; *see also* Dkt. 68 at 1). However, pursuant to the California Court of Appeal, on February 2, 2021, the Superior Court merely denied Petitioner's "motion for file reconstruction and for post-conviction discovery." *See* Appellate Courts Case Information, available at https://appellatecases.courtinfo.ca.gov/, Case No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                    Date:  June 17, 2022

Title         Michael Frank Goodwin v. Raymond Madden, Warden

B310673.[9]  Further, despite multiple admonishments from the Court, Petitioner did not include a copy of the Superior Court's denial.

      Petitioner filed his motion for reconsideration on December 10, 2020.  (Dkt. No. 67 at 1).  In February 2021, Petitioner appealed the Superior Court's denial to the California Court of Appeal.[10]  (Dkt. No. 68 at 1; Dkt. No. 70 at 1–9).[11]  In April 2021, the California Court of Appeal dismissed Petitioner's appeal, finding that "[t]he order entered by the superior court on February 2, 2021, is not an appealable order."  *See* Appellate Courts Case Information, Case No. B310673 (citing *In re Steele*, 32 Cal. 4th 682, 692 (2004) (noting that a challenge to a superior court's discovery ruling should be done via a writ of mandate)).  Over the next 12 months, Petitioner continued to file discovery-related motions in the Superior Court.  (Dkt. Nos. 73–83).  While the Superior Court has apparently ruled on Petitioner's habeas petition (Dkt. Nos. 66, 68, 75), he has not provided this Court with a copy of the state court's ruling.  Nor has Petitioner sought to exhaust his Unexhausted Claims in either the California Court of Appeal or the California Supreme Court.

---

   [9] The Court takes judicial notice of court documents relevant to the disposition of this case.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

   [10] On April 6, 2021, the Superior Court reminded Petitioner that it has ruled on all of his post-conviction motions.  (Dkt. No. 75 at 5).

   [11] In May 2021, Petitioner asserted that he was waiting the outcome of this discovery appeal before making a "regular habeas appeal."  (Dkt. No. 74 at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                  Date:  June 17, 2022

Title      Michael Frank Goodwin v. Raymond Madden, Warden

**DISCUSSION**

**Lack of Diligence**

Petitioner has failed to act diligently in exhausting his two Unexhausted Claims. District courts should not allow petitioners to "frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Rhines*, 544 U.S. at 277.  Thus, a habeas case "should not be stayed indefinitely." *Id.*; *accord Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) ("an indefinite stay would be inappropriate") (citing *Rhines* 544 U.S. at 277); *see Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003) (if the petitioner "fails to act within the allotted time, the stay may be vacated"), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007); *see also Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001) (a district court "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval … and returning to federal court within a similarly brief interval"). The decision whether to allow a habeas case to be stayed "is generally left to the sound discretion of district courts." *Gonzales*, 568 U.S. at 74 (citation omitted).

Here, the Court has repeatedly admonished Petitioner that his Petition "will not be stayed indefinitely." (Dkt. No. 33 at 2; Dkt. No. 46 at 3; *see also* Dkt. No. 65 (order to show cause re failure to prosecute)).  Yet, almost *six years* after the Court granted his request for a stay, Petitioner has not exhausted his two Unexhausted Claims.  While asserting that the Superior Court denied his habeas appeal in November 2020 (Dkt. No. 66 at 1; Dkt. No. 68 at 1; Dkt. No. 75), Petitioner has not presented his claims to either the California Court of Appeal or the California Supreme Court.  In May 2021, Petitioner stated he was waiting the outcome of his discovery-related appeal before making a "regular habeas appeal." (Dkt. No. 74 at 1).  But this discovery-related appeal was dismissed over *a year ago*—in April 2021[12]—and to date, Petitioner has not filed his

---

[12] *See* Appellate Courts Case Information, Case No. B310673.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                    Date:  June 17, 2022

Title           Michael Frank Goodwin v. Raymond Madden, Warden

habeas petition in the California Court of Appeal.  During the same general time period, Petitioner has had no difficulty pursuing *other issues* in the California courts.  *See, e.g.,* Appellate Courts Case Information, Case Nos. B307231 (petitioning in February 2021 for resentencing after the passage of Senate Bill 1437), B306639 (filing petition for writ of mandate in July 2020), S268144 (filing petition for review in April 2021, appealing California Court of Appeal's denial of resentencing petition).  Accordingly, Petitioner's egregious lack of diligence warrants vacating the stay.  District courts have routinely vacated stays after much shorter delays in pursuing exhaustion in state courts.  *See, e.g.*, *Smith v. Koenig*, No. 2:19 CV 01650, 2020 WL 1310529, at *1 (C.D. Cal. Jan. 16, 2020) ("Six months have passed since Petitioner's request for a stay was granted, yet Petitioner still has not presented his claim to the California Supreme Court in order to exhaust his state remedies."), *report and recommendation adopted*, No. 2:19 CV 01650, 2020 WL 1305622 (C.D. Cal. Mar. 19, 2020); *Kennedy v. Madden*, No. 5:18 CV 01628, 2019 WL 2902486, at *1 (C.D. Cal. Mar. 15, 2019) (recommending lifting the stay after Petitioner failed to present his claims to the California Supreme Court in the past 4½ months), *report and recommendation adopted*, No. 5:18 CV 01628, 2019 WL 2902505 (C.D. Cal. Apr. 24, 2019); *Antonio Alamos v. Sherman*, No. CV 17-02702, 2019 WL 3312462, at *2 (C.D. Cal. Jan. 15, 2019) (recommending lifting the stay after Petitioner failed to provide "any proof that he has pursued state court exhaustion of his claim in the past eight months"), *report and recommendation adopted sub nom. Alamos v. Sherman*, No. CV 17-02702, 2019 WL 3308764 (C.D. Cal. Mar. 25, 2019); *Villeda v. Seibel*, No. SACV 15-2050, 2017 WL 7037639, at *4 (C.D. Cal. Dec. 27, 2017) ("Almost nine months after this court's order, Petitioner still has not commenced exhaustion proceedings in state court and there is no reasonable prospect that he will do so."), *report and recommendation adopted*, No. SACV 15-2050, 2018 WL 534285 (C.D. Cal. Jan. 19, 2018); *Alsborg v. Yates*, No. CV 07-5144(AGR), 2009 WL 1740914, at *1 (C.D. Cal. June 17, 2009) ("Petitioner does not appear to be diligent in exhausting his claims.  An entire year has elapsed since the Court of Appeal denied his state habeas petition, and Petitioner has still not filed a habeas petition in the California Supreme Court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-9156 JFW (PVC)                                      Date:  June 17, 2022

Title        Michael Frank Goodwin v. Raymond Madden, Warden

**Failure To Obey Court Orders**

Petitioner has also routinely failed to obey Court orders.  While the Court granted his request for a stay to exhaust *two* ineffective assistance claims (Dkt. No. 11 at 6; Dkt. No. 12 at 2), Petitioner unilaterally filed a state court habeas petition that by his own admission was "exceedingly complex" and contained "about 50 issues/grounds" (Dkt. No. 43 at 1).  *Cf. Rhines*, 544 U.S. at 277 ("the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless"); *Sanchez v. Paramo*, No. CV 14-3358, 2016 WL 11759654, at *3 (C.D. Cal. Nov. 8, 2016) (denying request for a further *Kelly* stay as new claims were untimely and did not relate back to petition), *report and recommendation adopted*, No. CV 14-3358, 2017 WL 11650130 (C.D. Cal. Mar. 16, 2017).  Petitioner has been repeatedly admonished to provide the Court with copies of the state court docket and *all* relevant filings and orders from the state court.  (Dkt. No. 12 at 4; Dkt. No. 24 at 2; Dkt. No. 46 at 3).  Nevertheless, Petitioner has provided very few docket reports and Superior Court orders/decisions, despite his assertions about the many adverse decisions being made by the Superior Court.  Critically, he has not provided the Court with a copy of the Superior Court's denial of his habeas petition.

**Order To Show Cause**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **30 days** of the date of this Order, why the stay in this action should not be lifted for Petitioner's failure to diligently prosecute his case and obey Court orders.  Petitioner may discharge this OSC by filing a declaration, under oath, explaining (1) why he has failed to timely exhaust the two ineffective assistance of counsel claims, which were the subject of his stay request, and (2) why he has consistently failed to provide the Court with a copy of the Superior Court's docket and its orders/decisions.  Petitioner is advised that if the stay is lifted, the case will move forward only on his exhausted claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 15-9156 JFW (PVC) | Date:  June 17, 2022 |
| Title    Michael Frank Goodwin v. Raymond Madden, Warden | |

  Alternatively, if Petitioner no longer wishes to pursue some or all of his claims, he may voluntarily dismiss this action or his unexhausted claims.  If Petitioner elects to dismiss his unexhausted claims, this action will proceed only on any surviving exhausted claims.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely or successive if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

  **Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

  IT IS SO ORDERED.

| | | |
|---|---|---|
| | | 00:00 |
| | Initials of Preparer | mr |